UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50789
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY JUAREZ GODINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CR-295-(2))
_____

August 29, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Godinez was sentenced to two 135-month concurrent terms of imprisonment after a jury convicted him of conspiracy to distribute and distribution of cocaine. On appeal, his court-appointed counsel argues that Godinez's offense level should be reduced by two because the evidence was insufficient to establish that Godinez was a manager in the offense. Attorney

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Padilla also asserts that Godinez urged him to argue the sufficiency of evidence to convict, but pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Padilla concludes that issue is meritless. Finding no reversible error, we affirm.

The status of manager under the Guidelines is reviewed in this court for clear error. Based on the testimony of co-defendants and the entirety of the transactions in which Godinez was implicated, there is no error in the court's finding that Godinez was a manager. U.S.S.G. § 3B1.1(c).

Moreover, the evidence was sufficient to convict Godinez. Even though much of the incriminating testimony was given by co-defendants who had pleaded guilty at the time of Godinez's trial, the jury was entitled to credit their testimony in whole or in part. Confirmation of Godinez's participation came from the testimony of the undercover officer.

The court notes that court-appointed defense counsel seems to have misunderstood the requirements of *Anders* in briefing this appeal. *Anders* holds that after conscientiously reviewing the record and identifying to the court any potential legal issues on appeal, counsel may move to withdraw if he determines that an appeal would be "wholly frivolous." *Anders*, 368 U.S. at 744. If counsel believes even one issue is meritorious, as he did here, briefing pursuant to *Anders* is not allowed. Notwithstanding counsel's error in this case, the court was alerted to and did

2

consider the sufficiency of the evidence as suggested by appellant Godinez to his counsel. Counsel's misinterpretation of *Anders* in this case was harmless error at best.

AFFIRMED.